BRISCOE, Chief Judge,
dissenting.
I respectfully dissent. First, I disagree with the notion that because the district court “doesn’t tell us what Dr. Tripp did or where, when, or why he took any action that might have violated Dr. Lewis’s Fourth Amendment rights,” see Maj. Op. at 1226-27, “it falls on us ... [to determine] whether sufficient evidence exists for a reasonable jury to conclude that Dr. Tripp trenched upon Dr. Lewis’s clearly established rights,” see id. at 1228. And second, even if we must engage in the fact-finding expedition which the majority suggests, I disagree with the facts the majority finds.
The district court found that Dr. Lewis had “create[d] a jury question as to whether Dr. Tripp personally directed ... the asserted constitutional violation,” explicitly noting its reliance on the evidence which demonstrated that “Ms. Carter ... was copied on emails Dr. Tripp sent the Board’s legal counsel regarding Lewis,” and that “Dr. Tripp ... phoned the Board office on May 16th.” D. Ct. Op. at 7 (emphasis added). The majority contends that because the district court “doesn’t tell us what Dr. Tripp did or where, when, or why he took any action that might have violated Dr. Lewis’s Fourth Amendment Rights,” Maj. Op. at 1226-27, pursuant to Johnson v. Jones, 515 U.S. 304, 319, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), “it falls upon us to review the entire record ... and to ask de novo whether sufficient evidence exists for a reasonable jury to conclude that Dr. Tripp trenched upon Dr. Lewis’s clearly established rights,” id. at 1228. I disagree.
Though the district court did not elaborate on what it meant by “personally directed,” I do not think such an explanation was necessary. Rather, it is clear from the district court’s language what it thought a reasonable jury could find based upon the allegations and evidence presented by Dr. Lewis: that Dr. Tripp called and/or emailed Ms. Carter and explained that he wanted her to serve a subpoena on Dr. Lewis and that he wanted her to shut down West Norman Chiropractic. Because the district court adequately set forth the facts it believed a reasonable jury could find, the limited nature of our jurisdiction to entertain an appeal from a denial of qualified immunity requires us to accept as true Dr. Lewis’s assertion that Dr. Tripp directed all of Ms. Carter’s relevant behavior on the day in question. And accepting these allegations as true, I would conclude that based upon the clearly established nature of Lewis’s Fourth Amendment rights, and pursuant to our decision in Poolaw v. Marcantel, 565 F.3d 721, 733 (10th Cir.2009) (noting that a supervisor may be held liable under § 1983 if he or she “set in motion a series of events they knew or reasonably should have known would result [in a constitutional viola *1232 tion]”), Dr. Tripp is not entitled to summary judgment on qualified immunity grounds.
Further, even if we must engage in the fact-finding suggested by the majority, I would reach the same conclusion. The majority contends that:
The record before us lacks any evidence suggesting Dr. Tripp’s involvement in any of these' — allegedly—unlawful activities. We have no evidence, for example, that Dr. Tripp instructed Ms. Carter to obtain an administrative subpoena. Or that Dr. Tripp advised Ms. Carter to treat the subpoena as a search warrant and search Dr. Lewis’s personal desk.
Maj. Op. at 1230 (emphasis omitted). I disagree with the absolutes used in describing the absence of evidence presented. There was sufficient evidence presented here to enable Dr. Lewis to withstand a motion for summary judgment.
As the majority explains, “[t]o work out what the Board’s response [to the allegations against Lewis] should be, Ms. Carter consulted ... the Board’s president, Dr. Tripp.” Id. at 3. If we view this consultation — which occurred in the form of two emails and one phone call-in the light most favorable to Dr. Lewis, it is reasonable to infer that Dr. Tripp told Ms. Carter both to obtain the subpoena and to execute it in the manner that she did.[1] See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (“[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. In qualified immunity cases, this usually means adopting ... the plaintiffs version of the facts.” (citations and alteration omitted) (internal quotation marks omitted)). And because this inference can be reasonably drawn, I would, once again in light of Dr. Lewis’s clearly established rights and our decision in Poolaw, conclude that Dr. Tripp is not entitled to summary judgment on qualified immunity grounds.

. I acknowledge that reasonableness of this inference might have been called into question had more details regarding the nature of the communications between Ms. Carter and Dr. Tripp been properly admitted into evidence.